# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FATHER CHRIS COLLINS as Next Friends ) <br> of K.A.C.P., J.D.R.R., P.S.R.R., D.L.R.R., ) <br> L.A.L.D., A.R.G.H., M.S.A.B., T.Z.C.C., C.O.P., ) <br> B.B.F., A.M.M.A., J.M.S.T., V.A.P.I., R.N.N.C., ) <br> A.L.V.M., J.J.C.B., M.B.M.B., A.Y.H.E., ) <br> R.A.M.C., M.A.A.B., A.P.J.M., Y.J.I.F., J.A.T., ) <br> J.A.L.D., P.P.E.B., L.B.P., J.R.M., F.R.S.P., ) <br> B.L.R.H., E.M.S., L.D.C.P., K.A.M.A., E.D.A.L., ) <br> S.E.C.C., Y.B.C.M., J.B.N., D.E.A.L., A.W.C.A., ) <br> P.Y.M.H., A.J.B.R., R.C.P., S.N.P.M., A.B.R., ) <br> M.A.C.P., J.C.Q.T., G.M.R.B., C.J.A.S., A.J.C.P., ) <br> J.A.T., T.J.R.H., H.B.C.A., L.N.C.B., Y.M.A.L. ) <br> B.E.C.B., J.N.M.Q., M.R.M.F., J.S.P., H.D.G.H., ) <br> S.A.C.A., R.P.P., J.A.B.F., H.J.Z.A.S., M.J.A.A., ) <br> S.S.E.B., Y.S.R.B., G.S.J.V., A.E.A., A.S.C.B., ) <br> A.C.P., I.C.C.B., H.K.A.L., N.M.F., Y.M.L.D., ) <br> M.D.R.R., J.J.R.H., K.A.C.P., et al., ) <br> ) <br>        Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> DOE RUN RESOURCES CORPORATION, ) <br> D.R ACQUISITION CORP., MARVIN K. ) <br> KAISER, THEODORE P. FOX III, JERRY ) <br> PYATT, JEFFREY L. ZELMS, RENCO ) <br> HOLDINGS, INC., THE RENCO GROUP, INC., ) <br> and IRA L. RENNERT, ) <br> ) <br>        Defendants. ) | Case No.:  14:16-cv-00060 |

## NOTICE OF REMOVAL

COMES NOW Defendant The Renco Group, Inc. ("Renco Group"), pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Title 9, United States Code, Section 201 *et seq.* and pursuant to Title 28, United States Code, Sections 1331,

2135488

1441 and 1446, and removes the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division.

As the bases for this removal, Defendant states as follows:

I. **GROUNDS FOR REMOVAL**

    A. **REMOVAL IS PROPER UNDER CREFAA**

1. Title 9 U.S.C. § 201 *et seq*. is a federal statute that implements a 1958 United Nations convention. Both the convention and the implementing statute are titled "Convention for the Recognition and Enforcement of Foreign Arbitral Awards" ("CREFAA" or "Convention"). The United States is a signatory to the Convention. (*See* 21 U.S.T. 2517 (approved by the United States on Sept. 1, 1970)(1970 WL 104417)). The Convention's purpose is to further the enforceability of international arbitration awards. The Supreme Court has stated:

> [t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage … agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced. . . .

*Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974).

2. To insure uniform enforcement of the Convention in this country, Congress has mandated that all actions in courts in the United States that relate to arbitration agreements or awards that are governed by the Convention fall within the jurisdiction of the federal courts. Title 9, United States Code, Section 205 permits the removal to federal court at any time before trial of any case "where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention."

3. In 1997, Renco Group acquired from the Republic of Perú a metallurgical complex located in La Oroya, Perú, that is the subject of the removed action (the "Perú Complex"). One of the conditions of the sale of the Perú Complex from Perú to Renco Group

was Perú's agreement to shield Renco Group's Peruvian subsidiary, as well as all of the subsidiary's affiliates, shareholders, and their officers – all of the defendants that Plaintiffs have sued – from third party claims, including personal injury claims, arising from the operation of the Perú Complex.  *See* Exhibit 1 at 7, ¶ 23.

4. On December 29, 2010, Renco Group commenced arbitration against the Republic of Perú (the "Arbitration") under the United States-Perú Trade Promotion Agreement (signed on April 12, 2006; implemented on February 1, 2009) (the "TPA").  (*See* www.ustr.gov/trade-agreements/free-trade-agreements/peru-tpa/final-text (visited November 12, 2015)).

5. The demand for arbitration under Section 10.B of the TPA accords a U.S. investor in Perú, such as Renco Group, the right to commence arbitration for resolution of any dispute related to its rights under Section 10.A of the TPA or under an investment agreement between the U.S. investor and a Peruvian national authority.

6. On August 9, 2011, Renco Group served the Republic of Perú with an Amended Notice of Arbitration and Statement of Claim.  *See* Exhibit 1.  Through the Arbitration, Renco Group is attempting to compel the Republic of Perú to assume the liability for the claims alleged by Plaintiffs and to protect and defend Defendants from those claims.  The statement of relief requested by Renco Group in its arbitration claim includes a request that the arbitral panel declare that, among other relief, "Perú is required to (1) appear in and defend the Lawsuits and any similar lawsuits, [and] (2) indemnify, release, protect and hold Renco Group, [and its] affiliates harmless from those third-party claims."  *See* Exhibit 1, at ¶ 72, pp. 21-22.  Indeed, Renco Group is seeking an "interim award" in the arbitration by which the arbitral tribunal may

3

direct Perú to appear in and defend this lawsuit prior to the tribunal reaching a final decision on any allocation of liability. *See id.*

7. This action is related to the arbitration between Renco Group and the Republic of Perú, which is a proceeding pursuant to an agreement that falls under the Convention. Removal jurisdiction is, therefore, proper under CREFAA. This Court has determined as much and its ruling was upheld by the United States Court of Appeals for the Eighth Circuit. *See A.O.A. v. Doe Run Resources Corp., et al.*, 833 F.Supp.2d 1126, 1127-28, 1133, 1135 (E.D. Mo. 2011) (Perry, J.) (Case No. 4:11 CV-0044-CDP, Doc. 45), *aff'd sub nom. Sr. Kate Reid et al. v. Doe Run Resources Corp., et al.*, 701 F.3d 840, 844 (8th Cir. 2012).

  B.  FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

    i.  **Plaintiffs' Claims Arise Under the Laws of the United States.**

8. Because the allegations contained in Plaintiffs' Petition implicate international law, foreign policy concerns, and matters of international relations, and require interpretation of international investment agreements that affect the acts and obligations of a foreign State, Plaintiffs' Petition also raises substantial questions of federal common law.

9. For purposes of determining whether a case is one "arising under the … laws…of the United States," the word "laws" in 28 U.S.C. § 1331 includes the federal common law. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 99-100 (1972). International law is part of the federal common law. *See The Paquete Habana*, 175 U.S. 677, 700 (1900); *In re Estate of Ferdinand Marcos Human Rights Litig.*, 978 F2d 493, 502 (9th Cir. 1992).

10. Plaintiffs' claims arose under the law of Peru inasmuch as each Plaintiff alleges that he or she was injured in Peru by conduct that occurred in Peru.

4

11. Any right of Plaintiffs to the relief they request also necessarily depends upon resolution of questions to be addressed under international law—here, the laws of the Republic of Perú, and which therefore present questions of federal law under 28 U.S.C. § 1331.

12. Plaintiffs' claims necessarily raise identified federal issues that are actually in dispute and are substantial, and which this Court may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities.

13. Renco Group acquired the Perú Complex through its Peruvian subsidiary Doe Run Perú S.R.LTDA. ("Doe Run Perú") pursuant to a Stock Transfer Agreement ("STA") entered into in 1997 with a state-owned instrument of the Republic of Perú. *See* Ex. 1 at 178 (§ 11). The Republic of Perú provided Doe Run Perú and Renco Group with a separate Guaranty of the obligations that Perú's state-owned entity assumed in the STA. *See id*. at 269-72. The STA and Guaranty are agreements that were entered into in Perú, with the Republic of Perú, and are governed by Peruvian law.

14. The STA included provisions which limited Renco Group's liability for third party claims. Under the STA, Perú agreed, subject to certain conditions, to be responsible for civil environmental litigation brought by the residents of La Oroya.[1] *See* Ex. 1 at 137-144 (§§ 5.1-6.5), and 165-66 (§ 8.14); *see also id.* at 269-72 (Guaranty). The only exposure to third party claims for which Perú was not responsible was so narrowly defined as to exclude all but the rarest of circumstances, which are set forth in the STA.[2]

---

[1] That obligation on the part of Perú is one that continued beyond 1997 through the period of the Peruvian Programa de Adecuación y Manejo Ambiental ("PAMA"), which includes the time during which Doe Run Perú owned and operated the Perú Complex.

[2] Under the STA and the Guaranty, Perú is liable for citizens' claims unless it can show that each of three very narrow conditions are met. *See* Ex. 1 at 147 (§ 6.2). First, Perú must show that damages asserted by a third party were "exclusively" attributable to acts by the new operator, Doe Run Perú. *See* Ex. 1 at 147 (§ 6.2) and 141-42 (§ 5.3). Second, Perú must show that the third-party claims arise from acts that are not

5

15. Plaintiffs have alleged that the Defendants are liable for the activities of the Perú Complex. *See, e.g.,* Plaintiffs' Petition at ¶¶ 6, 24, 27, and 28. The resolution of Plaintiffs' claims requires that the STA's terms and the responsibilities they impose be construed. The claims in this case are therefore governed in the first instance by Peruvian law.

16. Any determination of the extent of any liability Renco Group and its affiliates may have for Plaintiffs' claims will necessarily require interpretation of both the STA and the PAMA, which together define the liabilities attributable to Renco Group and the Republic of Perú in connection with the operation of the Peru Complex—even after Renco Group acquired it. That determination is one which will be made under Peruvian law and which directly impacts the interests of the Republic of Perú as a party that may be held liable under the STA and the Guaranty. Whether Perú fulfilled its obligations under the STA and Guaranty as well as Perú's liability under those agreements will be determined as part of the resolution of Plaintiffs' claims. This scenario therefore implicates Perú's acts as a State and presents a grave risk of undermining Perú's sovereign interests because it will determine Perú's liability (and presumably even the amount of any damages) in a proceeding in which Perú is not named as a party.

17. The Supreme Court has held that "our relationships with other members of the international community must be treated exclusively as an aspect of federal law." *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 425 (1964). The Plaintiffs' allegations relating to liability for the operation of the Perú Complex necessarily implicate the ongoing responsibilities of the Republic of Perú and thereby raise a federal question under 28 U.S.C. § 1331.

    **ii.**    **Plaintiffs' Claims Arise Under Treaties of the United States.**

---

related to the PAMA. *See id.* at 141-42 (§ 5.3). Third, Perú must establish that Doe Run Perú was using standards and practices that were less protective of the environment or public health than those observed by Perú's state-owned entity prior to the sale, and that those reduced standards and practices caused the injuries. *Id.* Only if these three narrow conditions of the STA are fulfilled can Perú shift liability for third party claims to Doe Run Perú or Renco Group.

6

18.     Plaintiffs' Petition contains allegations which implicate matters arising under the TPA, the Convention or both.  The Plaintiffs' right to relief necessarily depends upon the resolution of issues that relate to those allegations.  Plaintiffs' action is therefore one that arises under treaties of the United States.

19.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers such jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Removal of the action is therefore proper under 28 U.S.C. § 1441.

20.     CREFAA separately authorizes the federal courts to exercise original jurisdiction over any action or proceeding falling under the Convention, because such actions "shall be deemed to arise under the laws and treaties of the United States."  9 U.S.C. § 203.  This Court therefore has original jurisdiction over this action under CREFAA.  *Id*.

### III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.     The United States District Court for the Eastern District of Missouri, Eastern Division, is the federal judicial district and division embracing the Circuit Court of the City of St. Louis, Missouri, Twenty-Second Judicial Circuit, where this action was originally filed on November 25, 2015, and is currently pending.  Therefore, venue is proper in this Court under 9 U.S.C. § 205 and 28 U.S.C. § 1441(a).

22.     This removal is timely filed.  *See* 28 U.S.C. § 1446(b).  Moreover, Title 9, United States Code, Section 205 permits removal to federal court at any time before trial.

23.     The consent of all defendants to this removal has been secured as will be evidenced by their separately-filed joinder.

7

24. All process, pleadings, orders and other documents that were on file in the State Court as of January 14, 2016, are being filed with this Notice of Removal, together with a certified docket sheet reflecting the State Court proceedings. *See* 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 81-2.03(4).

25. Promptly after filing this Notice of Removal, Defendants will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri, and will serve a copy on counsel for plaintiffs, together with the separate notice directed to plaintiffs' counsel that is being filed separately herein. *See* 28 U.S.C. § 1446(d) and E.D.Mo. L.R. 81-2.03(3).

WHEREFORE, Defendants pray that the subject state court action be removed to this Court and for such other and further relief as the Court may deem proper and that such further relief be granted as the Court deems fit.

                                  Respectfully submitted,

                                  **DOWD BENNETT LLP**

Dated:  January 15, 2016        By:  /s/ Edward L. Dowd, Jr.
                                  Edward L. Dowd, Jr.  #28785MO
                                  edowd@dowdbennett.com
                                  Terrence J. O'Toole #23247MO
                                  tjotoole@dowdbennett.com
                                  James E. Crowe, III #50031MO
                                  jcrowe@dowdbennett.com
                                  Carlos H. Marin   #66060MO
                                  cmarin@dowdbennett.com
                                  7733 Forsyth Blvd., Suite 1900
                                  St. Louis, Missouri 63105
                                  (314) 889-7300 (telephone)
                                  (314) 863-2111 (facsimile)

                                  *Attorneys for Defendant*
                                  *The Renco Group, Inc.*

Case: 4:17-cv-00026-NAB   Doc. #:  1   Filed: 01/10/17   Page: 9 of 10 PageID #: 996

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was sent to counsel of record via First Class Mail this 15th day of January, 2016, addressed as follows:

Counsel for Plaintiffs

D. Todd Matthews
Randy L. Gori
Gori, Julian & Assoc., P.C.
156 N. Main St.
Edwardsville, IL  62025

Sean P. Barth
Paul J. Napoli
Napoli Shkolnik PLLC
Mark Twain Plaza II
303 W. Vandalia St., Ste. 125
Edwardsville, IL  62025

Counsel for Defendants The Doe Run Resources Corporation, Marvin K. Kaiser, Theodore P. Fox, III, Jerry Pyatt and Jeffery L. Zelms

Andrew Rothschild
Richard A. Ahrens
Thomas P. Berra, Jr.
Michael J. Hickey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101

　　　　　　　　　　　　　　　　　　　　　/s/ Edward L. Dowd, Jr.